J. W. JENKINS SONS MUSIC COMPANY, Appellant, v. M. V. SAGE, Respondent; THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Garnishee.

Kansas City Court of Appeals, November 2, 1914.

1. GARNISHMENT: Wages: Venue: Cause of Action.   Under the statute (Laws of 1911, p. 141) where a defendant is not served with process and does not reside in the county or city where the action is brought, no garnishment can be had of his wages unless the action against him accrued in the county or city where the action is brought.

2. ———: ———: Statement: Summons: Allegations.   Under the statute (Laws 1911, p. 141) the plaintiff must affirmatively show in his statement and in the writ of summons where the defendant resides and where the action accrued.   If this is not done it will be taken that the defendant did not reside where the action is brought.

3. APPEAL: Notice: Jurisdiction.   On appeal from a justice of the peace the question of jurisdiction may be raised although no notice of appeal has been given.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone*, Judge.

AFFIRMED.

*Stubenrauch & Hartz* for appellant.

(1) It filed its bond and affidavit for appeal after judgment which was a further entry of appearance and its motion in the circuit court made no claim that the justice had no jurisdiction over the person of the garnishee. Trimble v. Elkin, 88 Mo. App. 229; Meyer v. Insurance Company, 184 Mo. 481; Sections 7568, 7579, R. S. 1909. (2) Since the defendant could have maintained an action before the justice of the peace in question for the recovery of the debt due him from

garnishee, plaintiff can maintain an attachment suit against the defendant in the same court and subject defendant's claim to the payment of plaintiff's debt. Hardware & Manufacturing Company v. Lang & Company, 127 Mo. 242; Howland v. Railroad, 134 Mo. 474; Harris v. Balk, 198 U. S. 215; Railroad v. Sturm, 174 U. S. 710.

*Sebree, Conrad & Wendorff* and *Paul E. Walker* for respondent.

(1) The appeal should be dismissed. Silberberg v. Gitenstein, 168 Mo. App. 399. (2) The justice had no jurisdiction of the cause. Laws of Missouri 1911, p. 141, secs. 1 and 2; White v. Railroad, 230 Mo. 287. (3) The circuit court acquired no jurisdiction. Beth v. Railroad, 136 Mo. App. 234; Union Transit Co. v. Merritt, 158 Mo. App. 648, 657; Haag v. Ward, 89 Mo. App. 186. (4) No notice of appeal was necessary. Haag v. Ward, 89 Mo. App. 186.

ELLISON, P. J.—This action was begun before a justice of the peace at the city of Independence and is on a contract for the purchase of a piano whereby a balance of $63 is claimed. No service was had upon the defendant but the railway company was summoned as garnishee on the claim that it owed defendant certain money. The company answered admitting it owed defendant $84.

Judgment was rendered against the company as garnishee and it appealed to the circuit court. In the latter court plaintiff moved to dismiss the appeal for the reason that no notice of appeal was given; and the garnishee moved to dismiss the case, or strike it from the docket, on the ground that the justice of the peace and consequently the circuit court had no jurisdiction of the case. The trial court overruled the motion to dismiss the appeal and sustained the motion denying

jurisdiction.   There was no service on defendant or
appearance by him.   Plaintiff's action and garnish-
ment is founded on the contract for the piano which
was filed with the justice as plaintiff's statement of
his cause of action.   It recites that the contract was
made in Kansas and that it was to be governed by
the laws of that State.   It also provided that install-
ment payments on the contract were due and payable
at plaintiff's place of business in Kansas City, Mis-
souri.   These facts appeared upon the face of the
proceedings before the justice and the question is, had
he jurisdiction under the provisions of the following
statute (Laws 1911, p. 141).   "Section 1.  No wages
shall be attached or garnished before personal serv-
ice is had or obtained upon the defendant, unless the
suit be brought in the county where the defendant re-
sides, or in the county where the debt is contracted
and the cause of action arose or accrued, and in cities
over one hundred thousand inhabitants in the 'city'
where the defendant resides or the debt is contracted
and the cause of action accrued: *Provided;* the peti-
tion or statement filed in the cause and the writ or
summons of attachment or garnishment shall affirma-
tively show the place where the defendant resides and
the place where the debt is contracted and the cause
of action arose."

"Section 2.   Wages earned out of this State, and
payable out of this State, shall be exempt from attach-
ment or garnishment in all cases where the cause of
action arose or accrued out of this State, unless the
defendant in the attachment or garnishment suit is
personally served with process; and if the writ of
attachment or garnishment is not personally served
on the defendant, the court issuing the writ of attach-
ment or garnishment shall not entertain jurisdiction
of the cause, but shall dismiss the suit at the cost of
the plaintiff.   In all actions commenced in this State
in which it is sought to garnish or attach wages, the

petition or statement filed in such cause and the summons or writ of garnishment or attachment shall affirmatively show the place where the defendant resides and the place where the debt is contracted and the cause of action arose.''

As there was no personal service on the defendant his wages can not be attached or garnished unless the suit is brought in the county or city where the defendant resides, or in the county or city where the debt was contracted and the cause of action accrued. Here, it is conceded the cause of action accrued in the city of Kansas City (35 Cyc. 548; Durham v. Spense, L. R. 6·Exch. 46) and the action, under the specific direction of the statute, should have been brought in that city.

It will be observed that the statute requires that the plaintiff shall affirmatively show in his statement and in the writ of summons the place where the defendant resides and where the debt is contracted and where the cause of action arose. The contract, which is plaintiff's statement, in giving the name of the defendant as purchaser does recite that he is party of the second part ''of Dwight of the county of Morris, State of Kansas.'' If that be allowed to be sufficient so far as the statement is concerned, there is no showing what the summons contained. Plaintiff has omitted that writ from his record altogether. We must, therefore, treat the case, for present purposes, as though defendant did not reside in Kansas City or Jackson·county.

It was not necessary in the state of the record that the garnishee should have given notice of appeal in order to raise the question of jurisdiction.

It follows the trial court correctly ruled that the justice court and it, on appeal, had no jurisdiction and the judgment is affirmed. All concur.