M. J. KILROY, Respondent, v. FRANK BRIGGS, Defendant, GALVESTON, H. & S. A. RAILWAY COMPANY, Garnishee, Appellant.

Kansas City Court of Appeals, January 28, 1918.

1. GARNISHMENT: Wages: Petition: Writ: Statements. Before a garnishment for wages can be run against a railway company there must have been personal service on the defendant, unless the suit be brought in the county where the defendant resides, or the county where the debt accrued; and the petition and writ must affirmatively show where defendant resides and the

cause of action accrued.  If the petition and summons does not show these things, the judgment against the garnishee will be reversed.

2. ———: Statutes Construed.  Section 2427, R. S. 1909, as amended by the Laws of 1911, p. 142, forbids the issuance of a garnishment for wages until after a judgment is rendered against the defendant, except under certain conditions therein named, to be stated in the petition.  But these conditions do not meet the requirement of certain statements in the petition and summons under section 1 of the Laws of 1911, p. 142, wherein garnishment is forbidden where there is no personal service on the defendant, except under certain other conditions to be stated in the petition and writ.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED.

*Watson, Gage & Watson* for appellant.

*M. J. Kilroy* for respondent.

ELLISON, P. J.—This is an action against defendant begun before a justice of the peace to enforce the lien of a boarding house keeper for $37.50, as given by sections 8247, 8248, Revised Statutes 1909.  An attachment, in aid, was issued and the garnishee railway company was summoned to answer what, if anything, it owed defendant.  It answered that it owed him $74 for wages earned in its employ.  Defendant resided in the State of Texas and he was notified by order of publication.  Judgment was rendered against him before the justice by default for the amount of plaintiff's claim.  Judgment was also rendered against the garnishee for same amount.  The garnishee appealed to the circuit court, but defendant did not.  In the latter court judgment was rendered for plaintiff against the garnishee and the latter appealed to this court.

It is provided in section 1 of the Laws of 1911, page 141, that no wages shall be attached before personal

service is had upon the debtor defendant "unless the suit be brought in the county where the defendant resides, or in the county where the debt was contracted and the cause of action accrued." It is also provided in such statute that the "writ or summons of attachment or garnishment shall affirmatively show the place where the defendant resides and the place where the debt is contracted and the cause of action arose."

The present case fails to meet these requirements. [Music Co. v. Sage, 184 Mo. App. 340.] The suit was not brought in the county where defendant resided, for it is alleged that he lived in Texas, nor is there anything to show that the cause of action accrued in Jackson county where the action was instituted. It is alleged that plaintiff's assignor is a boarding house keeper, and a resident of Jackson county, but nowhere is it stated that the board bill was made in that county. Plaintiff could well have resided in Missouri and kept a boarding house in the nearby State of Kansas and the bill be contracted in that State; and the averment would have covered such state of facts. In an effort to meet the objections noted, plaintiff added at the foot of the statement this allegation: "Debt herein accrued in Missouri and is owing to a *bona fide* resident of Missouri. Defendant resides in Texas." This does not cure the defect. A statement that the debt accrued in Missouri is not a statement that it accrued in Jackson county, as required by the statute.

The writ issued also fails to meet the absolute requirement of the statute above quoted, in that it also recites that the "Debt herein accrued in Missouri" instead of Jackson county.

Plaintiff has ignored the statute above quoted and seems to have relied altogether upon a compliance with section 2427, Revised Statutes 1909, as amended by the Laws of 1911, page 142, reading as follows:

"Except as hereinafter provided, no garnishment shall be issued by any court in any cause where the sum demanded is two hundred dollars or less, and where the property sought to be reached is wages due the defend-

ant by any railroad corporation, until after judgment shall have been recovered by the plaintiff against the defendant in the action: *Provided,* this section shall not apply when the debt or claim sued for was contracted or accrued in this State: *Provided, further,* in such cases the petition or statement filed in the cause and the writ or summons of garnishment shall affirmatively show that the debt or claim sued for was contracted or accrued in this State and is owing to a *bona fide* citizen or resident of this State.''

But section 1, of the other statute, first above quoted, lays down the procedure in cases of garnishment for wages where (as in this case) there is no personal service on the defendant. The section (2427, p. 142, Laws 1911) last above quoted concerns instances in which no *judgment* has been rendered prior to issuing the garnishment.

The judgment must be reversed. All concur.